UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-268-FDW

| | |
|---|---|
| RICHARD T. MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| KEITH WHITENER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a "Motion to Amend or Appeal" this Court's Order dated April 28, 2015, dismissing Plaintiff's action on initial review for failure to state a claim. (Doc. No. 11).

On October 10, 2014, pro se Plaintiff Richard Mays, a North Carolina state court inmate incarcerated at Marion Correctional Institution, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, bringing claims of various constitutional violations against Defendants. In an Order dated April 28, 2015, this Court conducted an initial review and dismissed Plaintiff's action for failure to state a claim. See (Doc. Nos. 9; 10).

On May 18, 2015, Plaintiff filed the pending motion, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling

1

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion. The Court further notes that to the extent that Plaintiff seeks, through his motion, to amend his Complaint, the motion to amend is moot because the Court has already dismissed this action. Finally, to the extent that Plaintiff seeks, though his motion, permission from this Court to appeal the Court's dismissal of his action, Plaintiff does not need permission from the Court before filing a notice of appeal, and the Court advises Plaintiff that his right to appeal is governed by Rule 4 of the Federal Rules of Appellate Procedure.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Amend or Appeal," (Doc. No. 11), is **DENIED**.

Frank D. Whitney
Chief United States District Judge